[Civ. No. 68550. Second Dist., Div. Two. Dec. 9, 1983.]

STEPHEN E. MITAKIS, Plaintiff and Respondent, v.
DEPARTMENT OF GENERAL SERVICES, Defendant and Appellant.

## COUNSEL

John K. Van de Kamp, Attorney General, N. Eugene Hill, Assistant Attorney General, Henry G. Ullerich and Christopher C. Foley, Deputy Attorneys General, for Defendant and Appellant.

Fadem, Berger & Norton and Michael M. Berger for Plaintiff and Respondent.

## OPINION

**BEACH, J.**—Appeal from judgment of the superior court granting plaintiff's petition for a peremptory writ of mandate directing respondent to set aside its decision denying certain relocation assistance benefits to plaintiff. Affirmed.

FACTS:

Certain background facts relevant to this action can be found in our decision in *Albright* v. *State of California* (1979) 101 Cal.App.3d 14, 17 [161

Cal.Rptr. 317]. That case involved certain issues on relocation assistance to displaced homeowners following the state's acquisition in February 1973 of private property in Topanga Beach for public use. Because the individuals were leasing the land on which their homes were situated, the state took the position that they were mere renters and therefore eligible only for a maximum of $4,000 in relocation benefits (Gov. Code, § 7264) rather than the $15,000 maximum available to displaced homeowners (Gov. Code, § 7263). We pointed out in *Albright* that while the displaced homeowners did not own the underlying land, they had entered into long-term leases (15 years) and had exercised rights and duties consistent with those of owners in fee. For these and other reasons set forth in *Albright* we concluded that the homeowners were entitled to the more generous benefits available to displaced "owner-occupants" rather than the lesser relocation benefits available to displaced renters.

We now turn to the facts of this case. Stephen Mitakis, one of the plaintiffs in *Albright, supra,* owned a small multifamily dwelling at 18672 Pacific Coast Highway (Topanga Beach) from 1965 through 1978. During that time, he lived in one unit while renters occupied the other two units. In 1967, he was served with a summons and complaint notifying him that the state had instituted condemnation proceedings to acquire his property for public use. In 1971, Mitakis purchased replacement rental property at 25342 West Malibu Road. In 1973, the state acquired title of the property in question by a formal order of condemnation.

After Mitakis and his tenants had vacated the Topanga Beach rental property, the State Department of General Services found Mitakis to be eligible for actual moving expenses but denied him the relocation payment at issue here, namely, payment "in lieu" of actual moving expenses, which Mitakis had sought under Government Code section 7262, subdivision (c). That provision allows a displaced business owner to choose between recovering actual moving expenses or payment in lieu thereof, ranging from a minimum of $2,500 to a maximum of $10,000, depending upon certain criteria. The Department of General Services based its denial on the fact that when Mitakis purchased the second rental property the condemnation proceedings had not been completed and therefore, the department concluded, the second rental property was simply a continuation of his business, rendering him ineligible for an "in lieu" payment. The decision was based on the Department of General Services' regulation governing payments in lieu of actual moving expenses, which is found in title 2 of the California Administrative Code, section 1873.03(e)(1)(B). That section provides that "in lieu" payment is proper if the business "is not part of a commercial enterprise

having at least one other establishment which is not being acquired, which is engaged in the same or similar enterprise."

Mitakis filed an appeal with the Relocation Appeals Board. The board denied the appeal for these two reasons: (1) Mitakis' rental business was not considered a business because it "was not a significant source of additional income" to Mitakis, a salaried employee of the University of California; and (2) Mitakis "was able to secure a suitable replacement property without any loss in the number of tenants."

Thereafter, Mitakis petitioned for a writ of mandate in the superior court. Following a hearing, the court granted the petition for writ of mandate on the ground that "the Board did make an error in the law in that the property was replacement property; did not constitute another establishment under Administrative Code Section 1873.03(e), subsection 1(b) (*sic*)." This appeal by the State Department of General Services followed.

DISCUSSION:

"The conditions of modern American life, including the increased concentration of people in urban centers and the need for increased governmental activity in the areas of transportation and urban redevelopment, have resulted in the disruption and displacement of increased numbers of people and businesses by government projects." (*Community Redevelopment Agency* v. *Abrams* (1975) 15 Cal.3d 813, 825-826 [126 Cal.Rptr. 473, 543 P.2d 905, 81 A.L.R.3d 174].) Fair and equitable treatment of individuals and businesses thus displaced is a major purpose underlying both federal and state legislation dealing with relocation assistance. This ensures that displaced persons or businesses "shall not suffer disproportionate injuries as a result of programs designed for the benefit of the public as a whole." (42 U.S.C. § 4621; *Community Redevelopment Agency* v. *Abrams, supra,* 15 Cal.3d 813, 830.)

Government Code section 7262, subdivision (c) allows "[a]ny displaced person who moves or discontinues his business" to elect between recovering actual moving expenses or accepting a lump sum payment "in lieu" thereof. Such payment "shall not be less" than $2,500 "nor more" than $10,000 based on average annual net earnings. The section further provides that such payment shall be made only if "the public entity is satisfied that the business cannot be relocated without a substantial loss of patronage and *is not a part of a commercial enterprise having at least one other establishment not being acquired, which is engaged in the same or similar business.*" (Italics added.) The wording of the latter requirement is identical to the wording used in the regulation of the Department of General Services, which formed

the basis for its denial of a lump sum payment in lieu of actual moving expenses incurred by Mitakis and was discussed earlier in our recital of facts relevant to this case.

The state contends that while Mitakis' purchase of replacement property occurred well after the state had formally instituted condemnation proceedings, it occurred before title formally passed to the state, so that until Mitakis' actual displacement he was conducting the same kind of business at two establishments: the Topanga Beach rental property and the West Malibu rental property. As the state argues: "The 'second establishment' is the 25342 West Malibu Road property, engaged in the identical rental business as the property acquired. The fact that the second establishment was acquired to replace the first does remove the second establishment from the purview of the statute, because one purpose of the 'in lieu' payment is to compensate persons who discontinue their business, and respondent manifestly did not discontinue his business. Purchase of the second property allowed respondent to remain in business but rendered him ineligible for the payment 'in lieu' of moving expenses."

■ If the language of a statute is clear and unambiguous, there is no need for judicial construction, and courts should not indulge in it. (*Solberg v. Superior Court* (1977) 19 Cal.3d 182, 198 [137 Cal.Rptr. 460, 561 P.2d 1148]; *Hobby Industry Assn. of America, Inc.* v. *Younger* (1980) 101 Cal.App.3d 358, 365 [161 Cal.Rptr. 601].) ■ There is no language in the statute in question requiring a business owner to discontinue his business before purchasing property to replace that which is being acquired by the state. Nor does the statute require that a person being displaced obtain replacement property only after title of the acquired property has passed to the state. The statute's sole concern is compensating a displaced business owner for expenses incurred in moving or discontinuing his business. When Mitakis applied to the state for an "in lieu" payment under Government Code section 7262, subdivision (c), the state had already acquired his Topanga Beach rental property. A natural consequence of the acquisition was the vacating of the Topanga Beach property by Mitakis and his relocation to the West Malibu rental property, which the state concedes to be "replacement" property. Because Mitakis had already moved from and discontinued his rental business at Topanga Beach when he applied to the state for the relocation assistance at issue here, the West Malibu replacement property clearly was "not a part of a commercial enterprise having at least one other establishment not being acquired, which is engaged in the same or similar business."

Our decision seeks in part to eliminate the "at-your-risk" decision of when to move. The fact that title has or has not yet passed is of less im-

portance than the good faith effort of the displaced property owner who has been informed that sooner or later his property will be taken.

The judgment is affirmed.

Roth, P. J., and Compton, J., concurred.